UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAIMLERCHRYSLER MOTORS
COMPANY L.L.C.,

    PLAINTIFF,

v.                                          Case No. 06-12373

VIN DEVERS, INC.,                      Honorable Sean F. Cox

    DEFENDANT.
_____/

## OPINION & ORDER

On May 25, 2006, Plaintiff DaimlerChrysler Motors Company, L.L.C. ("DCMC") filed this action against Plaintiff Vin Devers, Inc., a dealership located in Ohio, asserting breach of contract and tort claims relating to claims paid under certain sales incentive programs offered by DCMC. The matter is currently before the Court on Defendant's "Motion to Dismiss or, in the Alternative, to Transfer Venue to the United States District Court for the Northern District of Ohio (Western Division)." The Court heard oral argument on November 30, 2006. For the reasons set forth below, the motion shall be **GRANTED IN PART AND DENIED IN PART**. The Court shall **GRANT** Defendant's request to transfer this action to the United District Court for the Northern District of Ohio, but shall **DENY** the motion in all other respects.

BACKGROUND

DCMC filed this action against Vin Devers, Inc. ("Vin Devers") on May 25, 2006. The matter is in federal court based upon diversity jurisdiction. Vin Devers owns a Dodge motor vehicle dealership, located in Sylvania, Ohio. Sylvania is a suburb of Toledo. Vin Devers is

1

owned by two brothers, Paul Devers and Thomas Devers. DCMC offers a number of incentive programs to its dealers, which all have various terms and conditions and require the dealer to submit specified documents to receive the monetary sales incentives. All of DCMC's claims are based upon DCMC's allegation that Vin Devers improperly claimed incentives that it was not entitled to and submitted false documents in support of such claimed incentives. DCMC's complaint alleges: "Breach of Contract" (Count I); "Intentional Misrepresentation" (Count II); "Conversion" (Count III); and "Unjust Enrichment" (Count IV).

On July 31, 2006, Defendant filed the instant "Motion to Dismiss or, in the Alternative, to Transfer Venue to the United States District Court for the Northern District of Ohio (Western Division)," pursuant to FED. R. CIV. P. 12 (b) (2), (3), (4), (5) and (7) and 28 U.S.C.§ §1404(a) and 1406.

## ANALYSIS

In its Motion, Vin Devers asks the Court to dismiss this action on several grounds. Alternatively, it requests the Court to transfer the action to the United States District Court for the Northern District of Ohio (Western Division), where an action filed by Vin Devers against DCMC on July 13, 2006, is currently pending. Each of the grounds for relief are addressed below.

A.  Plaintiff's Motion To Dismiss Based Upon A Purported Violation of Local Rule & Defective Service Is Without Merit.

Rule 83.20(f) of the Local Rules for the United States District Court for the Eastern District of Michigan provides:

> **(f) Local Counsel**. Any member of the bar of this court who is not an active

> member of the State Bar of Michigan must not appear as attorney of record in any case without specifying on the record, as local counsel, a member of the bar of this court having an office within the district upon whom service of all papers may be made. Such local counsel must enter an appearance in the case and must have both the authority and responsibility for the conduct of the case should out-of-town counsel not respond to any order of the court for appearance or otherwise. On application, the court may relieve an attorney who is not an active member of the State Bar of Michigan of the obligation to specify local counsel.

Defendant claims that Plaintiff violated Local Rule 83.20(f) because Plaintiff's counsel is from Colorado and filed the complaint in this matter by himself, without specifying local counsel on the complaint. Defendant further asserts that service upon Plaintiff was defective because the summons identifies only Colorado counsel and instructs Defendants to serve Plaintiff in Colorado. Without citing any authority for such relief, Defendant asserts that the Court should dismiss this action for failure to comply with the local rules.

Plaintiff disputes that it violated the rule. It states that although Mr. Kennedy is a member of the bar of this court, he is not a member of the Michigan State Bar. Plaintiff explains, however, that upon filing the complaint on May 24, 2006, Plaintiff's counsel requested permission to file the complaint before engaging local counsel, advising that Plaintiff intended to engage local counsel promptly, and before Defendant would be required to file its answer. Plaintiff asked the Clerk of the Court to advise him if a more formal application was necessary but the clerk filed the action without notifying Plaintiff that anything else would be required. Plaintiff further notes that it promptly obtained local counsel, who filed an appearance on June 6, 2006 – well in advance of Defendant's initial answer deadline of June 20th, and the July 31, 2006 extension for filing an answer granted by Plaintiff.

Plaintiff further asserts that the summons fully complies with the Federal Rules of Civil Procedure and the fact that the summons has the Colorado address of Plaintiff's counsel on it

does not render it invalid under either the local or federal rules.  Plaintiff asserts that it personally served Paul Devers, Defendant's registered agent and therefore service is proper.

The Court finds this asserted ground for relief to have no merit.  Defendant is seeking to use a perceived technical defect to dismiss this action without citing any authority to do so.  Moreover, Plaintiff has established that it sought to fully comply with the local rule and Plaintiff has suffered no prejudice even if there was a technical violation.  Accordingly, this ground for relief shall be denied.

B.      Personal Jurisdiction Exists Under Michigan's Long-Arm Statute.

Plaintiff has the burden of establishing personal jurisdiction, but need only make a prima facie showing of jurisdiction.  *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002).

Michigan's "long-arm" statute extends limited personal jurisdiction over nonresident corporation pursuant to M.C.L. §600.715 and "general" personal jurisdiction pursuant to M.C.L. §600.711.  *Neogen Corp.*, 282 F.3d at 888 (6th Cir. 2002).  "Limited jurisdiction extends only to claims arising from the defendant's activities that were either within Michigan or had an in-state effect," while "[g]eneral jurisdiction, on the other hand, enables a court in Michigan to exercise jurisdiction over a corporation regardless of whether the claim at issue is related to its activities in the state or has an in-state effect."  *Id.*

Here, Plaintiff does not contend that the Court has general personal jurisdiction over Defendant.  Rather, it only contends that the Court has limited personal jurisdiction over Defendant.  (*See* Compl. at ¶4).

4

Michigan's long-arm statute "extends limited personal jurisdiction over a nonresident corporation in claims 'arising out of the act or acts which create any of the following relationships,' including '[t]he transaction of any business within the state' under §600.715(1), [and] '[t]he doing or causing of any act to be done, or consequences to occur, in the state resulting in an action for tort' under §600.715(2)." *Neogen Corp.*, 282 F.3d at 888. "The 'transaction of any business' necessary for limited personal jurisdiction under §600.715(1) is established by 'the slightest act of business in Michigan.'" *Id.* (quoting *Lanier v. Am. Bd. Of Endodontics*, 843 F.2d 901, 906 (6th Cir. 1988)).

If a plaintiff establishes that Michigan's long-arm statute authorizes personal jurisdiction over a defendant, the court must then determine if exercising personal jurisdiction would offend due process. *Neogen*, 282 F.3d at 889. The Sixth Circuit has distilled the due process requirements into a three-part test. *Id.* In order for a court to assert limited personal jurisdiction over an out-of-state defendant, the following three criteria must be met: 1) the defendant must purposefully avail itself of the privilege of acting in the forum state or causing a consequence in the forum state; 2) the cause of action must arise from the defendant's activities there; and 3) the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. *Id.* at 889-90 (citing *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)).

Vin Devers contends that none of the subdivisions of M.C.L. § 600.715 are satisfied here. It asserts that the only subsection that could possibly apply is the "transacting any business" in Michigan (subsection (1)), but argues that it has conducted no business in Michigan. Relying on

5

*Campbell v. Bridgeview Marina, Ltd.*, 347 F.Supp.2d 458 (E.D. Mich. 2004), Vin Devers asserts that communications to DCMC in Michigan are insufficient to constitute a transaction of business under §600.715(1).  Vin Devers further contends that a finding of personal jurisdiction would violate its due process rights because it has not purposefully availed itself of the benefits and protections of Michigan. It further asserts that the "arising under" requirement can not be satisfied because the cause of action did not arise under any alleged activities in Michigan.

DCMC contends that Michigan's long-arm statute applies because Vin Devers transacted business in Michigan, and because it caused adverse consequences to DCMC in Michigan. DCMC cites a number of cases in support of personal jurisdiction, but one Sixth Circuit case it relies on is strikingly similar to this case.  *See Chrysler Corp. v. Uptown Motorcars-Hartford, Inc.*, 173 F.3d 854, 1999 WL 196558 (6th Cir. 1999).   The Court concludes that it has personal jurisdiction over Plaintiff under *Chrysler Corp*.

In *Chrysler Corp.*, a national automobile manufacturer, whose headquarters was in Michigan, and an automobile retailer entered into a franchise agreement in Michigan.  The dealership, however, was located in another state, Wisconsin.  The agreement provided that it was to be construed under Michigan law and that all notices to Chrysler were to be provided to it in Michigan.

When the dealership disputed the existence of personal jurisdiction over it in Michigan, the district court granted the dealership's motion to dismiss.  The Sixth Circuit reversed, concluding that the court had personal jurisdiction over the Wisconsin dealership.  In doing so, the court noted that the facts presented were similar to those in the landmark case *Burger King Corp. v. Rudzewicz,* 471 U.S. 462 (1985), and that the dealership "reached out to create a

continuing relationship with Chrysler in Michigan," by reaching out beyond its home state and negotiating with a forum state corporation for the purchase of a long-term franchise and the manifold benefits that would derive from affiliation with a nationwide organization." *Id*. at *4. Not only was the franchise agreement signed in Michigan, but it also provided that Michigan law would apply, and the course of dealing between the parties indicated that the dealership purposefully availed itself of doing business in Michigan. Notably, the dealership used Chrysler's computer network, located in Michigan, to order vehicles and parts, and to record sales of vehicles and incentives.

  Like the situation presented in *Chrysler Corp.*, Vin Devers reached out of Ohio to create a continuing franchise relationship with DCMC in Michigan. The applicable agreements were signed in Michigan, where Plaintiff is headquartered, and the agreement provides that Michigan law shall apply. In addition, DCMC submitted an affidavit that states that Vin Devers has used DCMC's computer system and internet portal, located in Michigan, to purchase vehicles, to apply for incentives, and to submit supporting information relating to the incentives to DCMC.

  Accordingly, the Court shall deny Defendant's request to dismiss this action for lack of personal jurisdiction.[1]

C. <u>The Court Will Transfer This Action Under 28 U.S.C. §1404(a) For The Convenience Of The Parties</u>.

  Defendant asserts that the Court should transfer this action to Ohio because: 1) having trial in Detroit will prevent a hardship to Defendant because Paul Devers, the corporate

---

[1] The Court further finds that Vin Devers has not established that there are any indispensable parties under FED. R. CIV. P. 19.

7

representative, cares for his elderly parents, who require daily care and personal attention and Thomas Devers has health problems and it would be difficult for him to travel to Michigan for trial; 2) the vast majority of third-party witnesses are in Ohio; 3) Vin Devers' documents exist in Ohio; and 4) all transactions giving rise to Plaintiff's claims occurred in Ohio.

DCMC does not dispute that the action could have been brought in Ohio. It maintains, however, that the Court should decline to transfer the matter. It asserts that in terms of evidence and witnesses, the matter is equally close. It notes that some evidence exists in Michigan, at DCMC's headquarters, such as auditors involved and the documents maintained by them, while other evidence and witnesses exist in Ohio. It further states that Vin Devers' motion only shows a preference to litigate in Ohio. It asserts that this action was the first filed action and that Plaintiff's choice of forum weighs against transfer. DCMC also notes that in the Ohio action, it has filed a motion to transfer that action to this Court under §1404(a).

Pursuant to 28 U.S.C. §1404(a), "[f]or the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought." That section gives district courts the discretion to transfer cases on an individual basis by considering convenience and fairness. *Kerobo v. Southwestern Clean Fuels Corp.*, 285 F.3d 531, 537 (6th Cir. 2002); *see also Norwood v. Kirkpatrick*, 349 U.S. 29, 31-33 (1955)(holding that the district court's discretion under §1404(a) is broader than under common-law doctrine of *forum non conveniens.*)

In making this determination, the Court must determine: 1) whether the action could have been brought in the proposed transferee district, 2) whether a transfer would promote the interests of justice, and 3) whether a transfer would serve the parties' and witnesses'

8

convenience. *United States v. P.J. Dick, Inc*., 79 F.Supp.2d 803, 806 (E.D. Mich. 2000); *Perceptron, Inc. v. Silicon Video, Inc.,* 423 F.Supp.2d 722, 728-29 (E.D. Mich. 2006). Factors that can be considered include: 1) the convenience of the parties and witnesses; 2) the location of documents and the relative ease of access to sources of proof; 3) the locus of the operative facts; 4) availability of process to compel attendance of witnesses; 5) cost of obtaining witnesses; 7) the forum's familiarity with the governing law; 8) the weight accorded the plaintiff's choice of forum; 9) trial efficiency; and 10) the interests of justice. *Id.*

       The Court concludes that several factors are neutral (*i.e*., do not weigh in favor of either forum). For example, with respect to the location of documents and the relative ease of access to sources of proof, Vin Devers' documents and representatives are in Ohio, while DCMC's documents and witnesses are in Michigan. Similarly, the locus of the operative facts is a neutral factor in that some events occurred in Ohio (sales and preparation of documents by Vin Devers) while others occurred in Michigan (Vin Devers submitted documents relating to sales and incentives via DCMC's internet portal in Michigan and auditing functions were done there). The Court also finds the relative means of the parties to be a neutral factor in that both parties appear to have the financial means to travel to either forum.

       Two factors weigh in favor of denying transfer. First, the forum's familiarity with the governing law weighs in favor of denying transfer in that the DDA provides that Michigan law applies and this Court is more familiar with applying Michigan law than a federal court in Ohio. Second, Plaintiff's choice of forum must be given some weight. DCMC was the first party to file an action and chose this forum.

       Nevertheless, the Court concludes that the convenience of the parties weighs in favor of

transferring this action and that this factor should be accorded significant weight under the facts presented here.  Vin Devers has presented evidence establishing that Thomas and Paul Devers, the owners of Vin Devers, are currently caring for their elderly parents, who live with Thomas Devers in the Toledo, Ohio area and suffer from several serious medical problems.  Thomas Devers further states that he and his brother provide for their care and that he has therefore been unable to travel during the past year and has resigned from professional associations because he is unable to travel.  In addition, Thomas Devers also states that he has serious health problems of his own and that traveling to Detroit for hearings and trial would negatively impact his health.  While Toledo is not a great distance from Detroit, the Court is satisfied that the convenience of the parties weighs strongly in favor of transferring the action to the United District Court for the Northern District of Ohio, where an action filed by Vin Devers against DCMC is currently pending.

Accordingly, the Court shall grant Defendant's request to transfer this action to the Northern District of Ohio.

## CONCLUSION & ORDER

For the reasons set forth above, Defendant's "Motion to Dismiss or, in the Alternative, to Transfer Venue to the United States District Court for the Northern District of Ohio (Western Division)" is **GRANTED IN PART AND DENIED IN PART.**  Defendant's Motion is **GRANTED** in that the Court hereby **ORDERS** that this action is **TRANSFERRED** to the United States District Court for the Northern District of Ohio (Western Division).  Defendant's Motion is **DENIED** in all other respects.

**IT IS SO ORDERED.**

                                                  s/Sean F. Cox  
                                                  Sean F. Cox  
                                                  United States District Judge

Dated: January 19, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 19, 2007, by electronic and/or ordinary mail.

                                                s/Jennifer Hernandez  
                                                Case Manager